# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND KELLEY, | Case No. 1:13-cv-01255-SKO (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| CPT. BREAKBILL, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## **First Screening Order**

### I.  Screening Requirement and Standard

    Plaintiff Raymond Kelley, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 12, 2013.  Plaintiff's claims arise from events which occurred at North Kern State Prison in Delano, California.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Due Process Claim**

Plaintiff brings this action against Captain Breakbill, Sergeant D. Rose, and Correctional Officer Brickwell. Plaintiff alleges that his property was lost after it was mailed to a person Plaintiff does not know. Plaintiff's exhibits reveal that on June 19, 2012, his personal property was mailed to someone named Amber Wilson, identified by prison officials as an emergency contact person for Plaintiff. Plaintiff denies knowing Ms. Wilson, however.

Plaintiff's complaint does not set forth any facts demonstrating that he was deprived of his personal property without the minimal procedural protections he is due under federal law, *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1823 (2012), but notwithstanding that deficiency, Plaintiff alleges that his property was lost, either negligently or intentionally, when it was mailed to someone Plaintiff does not know. The Due

Process Clause of the Fourteenth Amendment of the United States Constitution protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the loss of his personal property. *Barnett*, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

### B. Access to the Courts Claim

Plaintiff also alleges that he was denied access to the courts because his personal property contained legal material.

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Greene*, 648 F.3d at 1018 (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted); *Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); *Lewis*, 518 U.S. at 351; *Phillips*, 588 F.3d at 655.

Plaintiff has not alleged any facts demonstrating the existence of an actual injury to litigation as a result of his legal property being mailed to Ms. Wilson nor has he demonstrated a causal connection between the named defendants and the alleged violation of his rights. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Jones*, 297 F.3d at 934. As a result, Plaintiff fails to state a viable claim for relief under section 1983 for denial of access to the courts.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar*

3

1  *v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.
2  2000).

3   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
4  each named defendant did that led to the deprivation of Plaintiff's federal rights. *Jones*, 297 F.3d
5  at 934. Plaintiff must demonstrate a causal connection between each defendant's conduct and the
6  violation of his rights; liability may not be imposed on supervisory personnel under the theory of
7  mere *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Crowley*, 734 F.3d at 977; *Starr v. Baca*,
8  652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Further, although
9  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
10 speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

11  Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa*
12 *County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without
13 reference to the prior or superceded pleading," Local Rule 220.

14  Accordingly, it is HEREBY ORDERED that:

15  1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
16 under section 1983;

17  2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

18  3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
19 amended complaint; and

20  4. If Plaintiff fails to file an amended complaint in compliance with this order, this
21 action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 8, 2014**          /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

4